UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMUEL RAY NOLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:20-cv-918-NCC |
| | ) |
| WORLD BANK, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Samuel Ray Noland for leave to proceed in this action without prepaying fees or costs. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

**Legal Standard**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff filed the complaint against World Bank, Elizabeth M. Maher, Joseph H. Michael, and Katie L. Smith. He states he is a Missouri citizen, that Elizabeth M. Maher is a New Jersey citizen, and that World Bank is incorporated in Washington D.C. He does not indicate the citizenship of Joseph H. Michael or Katie L. Smith. He invokes this Court's federal question jurisdiction, and states he brings this action pursuant to "H.R. 2301 – Seniors Fraud Prevention Act of 2019 116th Congress (2019-2020)."

Plaintiff prepared the complaint using a court-provided form, as required. In describing the events giving rise to his claims, he writes: "[t]he defendant received my money did not send the Federal Government Grant." He states this occurred in St. Louis, Missouri in September of

2019. In describing what each defendant did to harm him, he writes: "The defendant fail to send [*sic*] the Federal Government Grant." In describing the injuries he suffered, he writes: "None."

As relief, plaintiff seeks "$250,000 as agreed." Elsewhere in the complaint, plaintiff identifies that amount as the amount of a "Federal Government Grant promised." He writes: "The reason I am entitled to recover for this damage is defendants promised if I pay the taxes the Federal Government Grant would be sent."

## Discussion

Plaintiff invokes this Court's federal question jurisdiction, and states he brings this action pursuant to "H.R. 2301 – Seniors Fraud Prevention Act of 2019 116th Congress (2019-2020)." That is an apparent reference to a bill that has been introduced in Congress. Plaintiff does not explain, nor is it apparent, how the bill provides a basis for federal question jurisdiction. Plaintiff has also failed to properly plead jurisdiction on the basis of diversity of citizenship, as he has failed to allege the citizenship of two of the named defendants. Therefore, the Court has reservations about whether this action really and substantially involves a dispute or controversy properly within its jurisdiction. Having noted its reservations, the Court will presume, for the sole purpose of conducting the required review of the complaint, that subject matter jurisdiction is present.

Having thoroughly reviewed and liberally construed the complaint, the Court concludes that plaintiff has failed to state a plausible claim for relief. Plaintiff has alleged no facts which, if proved, would provide a basis to grant him relief. Plaintiff does not identify what amount of money he sent, to whom he sent it, or why he sent it. He does not identify the "Federal Government Grant" he is referencing or why he believes he was entitled to receive it, nor does he allege facts permitting the inference that any defendant engaged in conduct that wrongfully

3

deprived him of it. In sum, the complaint gives no idea what acts the defendants are accused of that could result in liability. Accordingly, the Court concludes that the complaint fails to state a plausible claim for relief against any named defendant, and will dismiss this case at this time, without prejudice. *See Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir.1995) (complaint was properly dismissed where it was "entirely conclusory, giving no idea what acts the individual defendants are accused of that could result in liability.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this __28th____ day of August, 2020.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE